ONESEPHORUS STANDLEY and NATHANIEL STANDLEY, executors of AN-
DREW STANDLEY, *against* JACOB WEAVER and WILLIAM KENLY,
executors of DAVID EVERHART.

A defendant executor may be a witness to prove when and where he found a paper off-
ered in evidence.

DEBT *sur* arbitration bond, executed by the defendant's testator, to the plaintiff's testator.   Plea payment, with leave to give the special matters in evidence.

The arbitrators had awarded on the 13th February 1783, 120*l.* to be paid by Everhart to Standley ; and the only question was, whether a receipt for that sum on the 2d March 1783, by the hands of Peter Sommers, whereto one Moses Hill was a witness, was genuine or not.

The defendants proved the body of the receipt and the name of the subscribing witness to be the hand writing of Moses Hill, who died in 1785 or 1786 ; and that Peter Sommers had purchased the lease of the island from the defendant's testator, respecting the rent whereof the arbitration had taken place.   It was then proposed to examine William Kenly, one of the defendants, when and where he found the receipt in question ; which was excepted to, on the ground of interest.   But the court ruled, that a party interested may be a witness to preve a colla-
teral fact, and a defendant's executor may be sworn to show when and where he discovered a paper offered in evidence, and this very point has been determined so in this court.

Kenly was sworn accordingly, and declared that he found the receipt in an old pocket book contained in a gin case, formerly the property of the said Sommers, a few months after his death, and to whom he was an executor.   The receipt was read to the jury.

The plaintiffs produced a witness well acquainted with the hand-writ-
ing of Andrew Standley, who swore that in his opinion, the signature to the receipt was not written by the said Standley ; but the jury found a verdict for the defendants.

Messrs. J. B. M'Kean and S. Levy, *pro quer.*
Mr. Rawle, *pro def.*